WILLIAM WRIGLEY, JR., CO. v. GROVE CO. et al.

(Circuit Court, S. D New York. May 20, 1908.)

1. TRADE-MARKS AND TRADE-NAMES—WORDS SUBJECT TO APPROPRIATION— "SPEARMINT."

The word "spearmint" is a common English word, descriptive in its nature, and not subject to exclusive appropriation as a trade-mark for chewing gum flavored with spearmint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 6, 11.]

2. SAME—UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

The showing made held not to establish unfair competition by defendant by imitating complainant's cartons and packages containing chewing gum, such as to warrant the granting of a preliminary injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 106.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. On motion for preliminary injunction.

Philip B. Adams and Offield, Towle & Linthicum, for complainant. J. K. K. Blauvelt, for defendants.

WARD, Circuit Judge. The word "spearmint" is a common English word, descriptive in its nature, and therefore not capable of appropriation as a trade-mark for chewing gum flavored with spearmint. Every one who manufactures chewing gum so flavored has as good a right to call it what it is, "Spearmint," as the complainant has, and must so describe it, if he describes it at all.

Without reference, however, to right depending upon trade-mark or upon title, no manufacturer can dress his goods so as to palm them off on the public as the goods of another. This would be enjoined as unfair competition. Shaver v. Heller & Mertz Company, 108 Fed. 821, 48 C. C. A. 48. The complainant does seem, by large advertising, to have created a demand within the past two or three years for spearmint chewing gum, and manufacturers of such gum inevitably get the benefit of the complainant's outlay. He rests his claim principally on his right to the word "Spearmint," which he contends has become synonomous in the public mind with the gum that he manufactures. I think it is his misfortune to have invested his money in advertising a word incapable of exclusive appropriation.

Reference is made to a preliminary injunction which I lately grant-

ed in 'a suit of this complainant against Gutman and others. They were sellers, and not manufacturers, and did not defend the action. All reference to the ·cartons and wrappers of manufacturers, among others those of the defendant the Grove Company, was struck out of the order submitted, and only the sale of goods on which the word "Spearmint" should be so used as to imitate the dress of the complainant's goods and deceive the public was enjoined. The question whether the defendant's goods did this was left entirely untouched.

Chewing gum seems to have been put up for many years in tablets wrapped in ·tinfoil or in paper, five or more in a package and several packages in a carton box. These similarities between the defendant's and the complainant's output do the complainant no wrong. I do· not myself see any apparent intention on the part of the defendant to imitate the complainant's cartons or wrappers, ·nor any proof that the public is deceived. The purchasers of cartons, whether jobbers or retailers, are not at all likely to be misled, and I do not think that consumers of packages or of single tablets generally would be deceived, if they really wanted the complainant's spearmint gum, as distinguished from spearmint gum generally.

It is easy to imagine wrappers differing more from the complainant's than do the defendant's, but the case does not seem to me one for a preliminary injunction on the affidavits and exhibits submitted; and the motion is therefore denied.